**Robert S. STESKAL, Plaintiff–Appellant,**

v.

**BENTON COUNTY; et al., Defendants–Appellees.**

No. 06–35053.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 22, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.     R.App. P. 34(a)(2).

Robert S. Steskal, Coburg, OR, pro se.

Gerald L. Warren, Law Office of Gerald L. Warren, Salem, OR, for Defendants–Appellees.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM ***

Robert S. Steskal appeals pro se from the district court's summary judgment dismissing his action arising from a traffic citation for defective brake lights, that was dismissed when the citing officer failed to appear at the traffic court hearing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1002 (9th Cir.2004), and we affirm.

■ Steskal alleges he was improperly pulled over because his car was run-down. The district court properly granted summary judgment to defendants because defective brake lights are a proper basis for a traffic stop and Steskal's conclusory allegations regarding economic profiling do not state a concise claim. *See Simpson v. AOL Time Warner Inc.*, 452 F.3d 1040, 1046 (9th Cir.2006) (holding conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss).

■ Officer Wilcox's failure to appear at Steskal's traffic court hearing is immaterial to the district court's analysis of whether the traffic stop was constitutional. *See Lynn v. Sheet Metal Workers' Intern. Ass'n*, 804 F.2d 1472, 1483 (9th Cir.1986) (holding a dispute as to an immaterial fact does not preclude summary judgment).

The district court did not abuse its discretion in denying Steskal's motion for leave to file a third amended complaint. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir.2002) (denial of leave to amend reviewed for abuse of discretion); *United States v. Pend Oreille Pub. Utility Dist. No. 1*, 28 F.3d 1544, 1552 (9th Cir. 1994) (upholding practice of denying leave to amend complaint after a motion for summary judgment has been filed).

■ The district court properly granted summary judgment on the First Amendment claim; Steskal did not controvert defendants' evidence that his speech was curtailed because the city council meeting was an inappropriate forum for his legal complaints rather than due to public officials' opposition to his viewpoint. *See De-Grassi v. City of Glendora*, 207 F.3d 636, 645–46 (9th Cir.2000) (finding city councils "may confine their meetings to specified subject matter ... as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view.").

Steskal's remaining contentions are unpersuasive.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

All pending motions are denied.

**AFFIRMED.**